IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | | |
|---|---|---|---|
| MICHAEL RAY | ) | | |
| | ) | | |
| **Plaintiff** | ) | CIVIL ACTION NO. | |
| | ) | | |
| v | ) | | |
| | ) | | |
| FUR-BABY PET SERVICES, LLC and | ) | JURY TRIAL DEMANDED | |
| MAKARA SON | ) | | |
| | ) | | |
| **Defendants** | **)** | | |
| _____ | _) | | |

## COMPLAINT

Plaintiff Michael Ray, by and through the undersigned counsel, brings this Complaint against Defendants Fur-Baby Pet Services, LLC ("Fur-Baby") and Makara Son ("Son") and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. §§ 201, *et seq*., (hereinafter "the FLSA") to recover due but unpaid overtime compensation and an additional amount as liquidated damages and to be reimbursed for his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. §216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Middle District of Georgia, Columbus Division, under 28 U.S.C. § 1391 because Fur-Baby is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

### 4.

Plaintiff is a citizen of the United States and of the State of Georgia and resides within Muscogee County, Georgia.

### 5.

Fur-Baby employed Plaintiff, as a utility employee from on or about June 15, 2018 through October 10, 2018, at a facility located in Ft. Mitchell, AL.

### 6.

At all times relevant to this suit, Plaintiff has been an "employee" of Fur-Baby as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

At all times material hereto, Plaintiff has been "engaged in commerce" as an employee of Fur-Baby as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Fur-Baby is a limited liability company organized under the laws of the State of Georgia.

9.

At all times material hereto, Fur-Baby has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

10.

At all times material hereto, Fur-Baby was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2018, Fur-Baby had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2018, Fur-Baby had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

13.

During 2017, Fur-Baby had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

During 2018, Fur-Baby had an annual gross volume of sales made or business done in all operations of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

At all times material hereto, Fur-Baby was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

16.

Fur-Baby may be served with service of process through its registered agent, Makara Son, 4343 Milgen Road, Columbus, GA 31907.

17.

Fur-Baby is subject to the personal jurisdiction of this Court.

18.

Son resides within Muscogee County Georgia. He may be served at his
residence at 8136 Green Glen Drive, Midland, Ga.

19.

At all times material hereto, Son exercised operational control over the work
activities of Plaintiff.

20.

At all times material hereto, Son was involved in the day to day operation of
Fur-Baby.

21.

At all times material hereto, Fur-Baby vested Son with supervisory authority
over Plaintiff.

22.

At all times material hereto, Son exercised supervisory authority over
Plaintiff.

23.

At all times material hereto, Son scheduled Plaintiff's working hours or
supervised the scheduling of Plaintiff's working hours.

24.

At all times material hereto, Son exercised authority and supervision over Plaintiff's compensation.

25.

At all times material hereto, Son has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

26.

Son is subject to the personal jurisdiction of this Court.

27.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

28.

At all times material hereto, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 U.S.C. § 213 (a).

29.

At all times material hereto, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 U.S.C. § 213 (a).

30.

At all times material hereto, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 U.S.C. § 213 (a).

31.

At all times material hereto, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 U.S.C. § 213 (a).

## COUNT I — FAILURE TO PAY OVERTIME

32.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

33.

From approximately June 15, 2018 until October 10, 2018, Defendants employed Plaintiff, as a utility worker caring for animals.

34.

During his employment with Defendants, Plaintiff regularly worked in excess of forty hours (40) each week.

35.

Defendants failed to pay Plaintiff at one and one-half times his regular rate for work in excess of forty (40) hours in any week from June 15, 2018 through October 10, 2018 during which time Plaintiff worked seven days per week.

36.

Defendants willfully failed to pay Plaintiff at one and a half times his regular rate for work in excess of forty (40) hours in any week from June 15, 2018 until October 10, 2018.

37.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

38.

Plaintiff is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

39.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages due, plus prejudgment interest thereon;

2. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees and costs from Defendants; and

3. For such other and further relief as the Court deems just and proper.

This 16th day of October 2018.

*/s/ John W. Roper*____
John W. Roper
Georgia Bar No: 614159

The Roper Law Firm
233 12th Street, Suite 602
Columbus, Georgia 31901
(706) 596-5353
Fax: (706) 596-5383
johnroper@roperlaw.com